# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK N. RILEY,<br><br>        Petitioner,<br><br>    v.<br><br>JAMES A. YATES,<br><br>        Respondent.<br>_____/ | 1:07-cv-01445 LJO SMS HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc. 1] |

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

      Petitioner filed the instant petition for writ of habeas corpus on October 4, 2007. Petitioner is challenging his conviction of two counts of murder which occurred on September 12, 1994, in the Kern County Superior Court. (Petition, at 1.) Petitioner contends that he is actually innocent of the murders, and therefore the delayed petition should be excused. Specifically, Petitioner contends that he accidentally caused the death of his pregnant wife, and he therefore should have been charged with manslaughter and not murder. Petitioner further contends, among other things, that he was denied effective assistance of counsel, the trial court erred when it allowed a statement in violation of Miranda, and the jury was mis-instructed.

DISCUSSION

      Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the

petitioner is not entitled to relief in the district court . . . ."

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on October 4, 2007, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, Petitioner was convicted on September 12, 1994. The California Supreme Court denied Petitioner's petition for review in 1996.[1] Thus, direct review became final

---

[1] Cal. R. Ct. 24(a) providing that an order of the Supreme Court denying a petition for review of a decision of a Court of Appeal becomes final when it is filed.

2

ninety (90) days.² Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999) (concluding period of "direct review" includes the period within which one can file a petition for a writ of certiorari in the United States Supreme Court); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner would have one year from 1996, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the calculation of statutory tolling applicable to the one year limitations period.) Therefore, the statute expired sometime in 1997. Petitioner did not file the instant petition until ten years later on October 4, 2007.

C.   Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."³ Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000); see also Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999). The Court reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court. Id. at 1005. The limitations period, however, will not toll for the time a petition for writ of habeas corpus is pending in federal court. Duncan

---

² See Sup. Ct. R. 13(1)

³ In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. See id.

1  v. Walker, 533 U.S. 167 (2001).

2  Here, Petitioner indicates that he filed his first state post-conviction collateral petition on
3  January 23, 2003, which is several years after the statute of limitations expired in 1997, and it has
4  no tolling effect. Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to
5  tolling where the limitations period has already run); see also Webster v. Moore, 199 F.3d 1256
6  (11th Cir.2000); Rendall v. Carey, 2002 WL 1346354 (N.D.Cal.2002).  Accordingly, the
7  subsequent state post-conviction petitions likewise have no tolling effect, and the instant petition
8  is obviously untimely.

9  Petitioner contends that he is actually innocence.  Neither the Supreme Court nor the
10 Ninth Circuit has expressly held that there is an actual innocence exception to a violation of
11 section 2244(d)'s limitation period.  Majoy v. Roe, 296 F.3d 770, 776 (9th Cir. 2002).  To date,
12 the Ninth Circuit has only excused a violation of the limitation period in cases where the petition
13 was entitled to equitable tolling.  See Calderon v. United States Dist. Court (Beeler), 128 F.3d at
14 1287-89, overruled on other grounds by Calderon v. United States Dist. Court (Kelly), 163 F.3d
15 530 (9th Cir. 1998), overruled on other grounds by Woodford v. Garceau, 538 U.S. 202, 123 S.Ct.
16 1398, 155 L.Ed.2d 363 (2003).

17 However, even if the Court were to conclude that an actual innocence exception to a
18 violation of the limitations period existed, Petitioner has not met the standard for actual
19 innocence.  Petitioner must show that the alleged constitutional error "has probably resulted in
20 the conviction of one who is actually innocent." Bousley v. United States, 523 U.S. 614, 622
21 (1998), *quoting* Murray v. Carrier, 477 U.S. 478, 496 (1986).  Petitioner must demonstrate that in
22 light of the evidence no reasonable juror would have found him guilty. Schlup v. Delo, 513 U.S.
23 298, 329 (1995).  Petitioner presents no such evidence.

24 In addition, it appears that Petitioner is attempting to argue that because his petition
25 raises, in his opinion, serious constitutional violations, it must be reviewed.  Petitioner is advised
26 that the merits of the federal petition are not relevant to whether extraordinary circumstances
27 exist justifying the late filing of the habeas petition; showing of extraordinary circumstances
28 related to filing of the petition itself is required.  Helton v. Secretary for Dept. of Corrections,

259 F.3d 1310, 1314-15 (11th Cir. 2001); Escamilla v. Jungwirth, 426 F.3d 868 (7th Cir.2005) (Even "[p]risoners claiming to be innocent . . . must meet the statutory requirement of timely action.").

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant petition for writ of habeas corpus be DISMISSED as barred by the one-year statute of limitations; and

2. The Clerk of Court shall enter judgment.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   November 21, 2007**             /s/ Sandra M. Snyder
                                  UNITED STATES MAGISTRATE JUDGE